J-S06018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID MATHIAS | : | |
| | : | |
| Appellant | : | No. 121 EDA 2023 |

Appeal from the PCRA Order Entered November 28, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0808071-2005

BEFORE: DUBOW, J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JUNE 25, 2024**

David Mathias appeals from the order dismissing his Petition for a Writ of *Habeas Corpus*, which the lower court treated as an untimely Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In 2006, a jury found Mathias guilty of first-degree murder, conspiracy, aggravated assault, firearms not to be carried without a license, and possession of an instrument of crime.[1] The court imposed a term of mandatory life imprisonment for first-degree murder and consecutive and concurrent terms of imprisonment for the remaining convictions. We affirmed the judgment of sentence in April 2009. **See Commonwealth v. Mathias**, No. 3040 EDA 2006, 974 A.2d 1187 (Table) (Pa.Super. filed April 23, 2009)

---

[1] 18 Pa.C.S.A. §§ 2502(a), 903, 2702, 6106, and 907, respectively.

(unpublished memo.). Mathias did not seek review in the Pennsylvania Supreme Court.

On October 13, 2021, Mathias, through counsel, filed the instant petition styled as a Petition for Writ of *Habeas Corpus*. **See** Petition for Writ of *Habeas Corpus* of Defendant, David Mathias, filed 10/13/21. Mathias claimed that "his first[-]degree murder conviction, and corresponding life sentence, are void in that neither is authorized by Pennsylvania law." *Id.* at 7. He further claimed that "the Commonwealth argued [Mathias] could be convicted on the basis of conspiratorial and/or accomplice liability," which he believed "the laws of this Commonwealth do[] not support[.]" *Id.* Additionally, Mathias argued that "[t]he first[-]degree murder conviction in this case is facially inconsistent with the Pennsylvania Crimes Code and both, the Constitution of the United States and the Constitution of this Commonwealth." *Id.* at 11.

The PCRA court issued notice of its intent to dismiss the petition without a hearing. The court explained that it construed the *habeas* petition as a PCRA petition, the petition was untimely, and Mathias failed to satisfy any of the time-bar exceptions. **See** Rule 907 Notice, filed 11/2/22. Mathias did not respond. The PCRA court dismissed the petition on November 28, 2022. **See** Order Dismissing PCRA Petition, dated 11/28/22. Though counseled, Mathias filed a *pro se* notice of appeal docketed on December 29, 2022. Counsel filed a motion to withdraw as counsel, which the court granted. It then appointed new counsel. **See** Order Granting Motion to Withdraw Counsel, filed 2/3/23.

Mathias raises one issue on appeal: "Did the trial court err when it treated [Mathias's] Petition for Writ of *Habeas Corpus* as a PCRA petition, and in turn, dismissed the filing as an untimely PCRA petition without addressing the merits of [Mathias's] Petition for Writ of *Habeas Corpus*?" Mathias's Br. at 5.

We first must address the timeliness of Mathias's appeal. We may do so *sua sponte* because timeliness implicates our jurisdiction. **See Commonwealth v. Cooper**, 710 A.2d 76, 78 (Pa.Super. 1998). Mathias's notice of appeal needed to be filed by December 28, 2022, within 30 days of the denial of his PCRA petition. **See** Pa.R.A.P. 903(a). However, the appeal was docketed on December 29, 2022, one day late. Having filed it *pro se* while imprisoned*,* we look to the prisoner mailbox rule, which provides that an appeal will "be deemed filed on the date that the appellant deposits the appeal with prison authorities and/or places it in the prison mailbox." **Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (internal quotation marks omitted). It is the prisoner's burden to show that the appeal was delivered to the prison authorities within the allotted time. **See id.** Evidence of timely delivery includes a cash slip, a postal certificate of mailing, or "any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities." **Id.** Where "the facts concerning timeliness [of the filing] are in dispute, a remand for an evidentiary hearing may be warranted." **Id.** at 426 n.3. However, if "the opposing party does not challenge the timeliness of the appeal and the prisoner's assertion of timeliness is

plausible, we may find the appeal timely without remand." ***Cooper***, 710 A.2d at 79.

Here, the Commonwealth does not contend the appeal was untimely. It instead maintains that the appeal was timely because Mathias "submitted it to be mailed on December 23, 2022, nearly a week before the filing deadline." Commonwealth's Br. at 4 n.1. The certified record includes the envelope Mathias used to mail his notice of appeal, but the postmark date is not legible. Nonetheless, the proof of service for his notice of appeal is dated December 23, 2022, which is within the 30-day filing period. This is plausible evidence that Mathias handed his appeal to the prison authorities on that date. We therefore find the appeal timely.

Substantively, Mathias claims that the court erred by treating his *habeas* petition as a PCRA petition because the PCRA does not provide a remedy for the claim he raised in his *habeas* petition. He notes that he is "not leveling a challenge to any aspect of the truth determining process underlying his conviction and sentence" or "claiming that the sentence imposed is greater than the lawful maximum." Mathias's Br. at 27. As such, he argues that the PCRA is inapplicable and that the court erred in dismissing his *habeas* petition as an untimely PCRA petition.

We review the grant or denial of PCRA relief by determining "whether the PCRA court's ruling is supported by the record and free of legal error." ***Commonwealth v. Presley***, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

- 4 -

Initially, we agree with the PCRA court's decision to consider Mathias's petition for a writ of *habeas corpus* as a PCRA petition. "[I]t is well established that pursuant to Pennsylvania law, the PCRA subsumes the writ of *habeas corpus* unless the claim does not fall within the ambit of the PCRA statute." ***Commonwealth v. Burkett***, 5 A.3d 1260, 1274 (Pa.Super. 2010). If a claim would have been cognizable under the PCRA in a timely PCRA petition, "a defendant cannot escape the PCRA time-bar by titling his petition or motion as a [petition for a] writ of *habeas corpus*." ***Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa.Super. 2013).

Here, Mathias's petition argued that his first-degree murder conviction and life sentence were not authorized by law. This claim is cognizable under the PCRA as a constitutional violation that undermined the truth determining process. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(i). Despite Mathias's assertion that "there is no allegation the truth determining process was undermined," his challenge to the lawfulness of his conviction and sentence inherently questions the reliability of the adjudication of guilt. Mathias's Br. at 43; ***see Commonwealth v. Floyd***, No. 1770 EDA 2016, 2017 WL 1178062, at *3 (Pa.Super. filed Mar. 29, 2017) (unpublished memo.). ("claims of a constitutional nature and those that challenge the lawfulness of a sentence are cognizable under the PCRA"). Additionally, "[i]f the court had no statutory authority to impose any sentence at all then any sentence imposed is a sentence greater than the lawful maximum, thus qualifying [a petitioner] for relief under Section 9543(a)(2)(vii)." ***Commonwealth v. Moore***, 247 A.3d

990, 998 (Pa. 2021). The court did not err in treating Mathias's *habeas* petition as a PCRA petition.

We do not address the merit of Mathias's claim because his petition did not meet the PCRA's time requirements. "If a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we . . . do not have the legal authority to address the substantive claims." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1)." **Commonwealth v. Jones**, 54 A.3d 14, 16 (Pa. 2012). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). If a PCRA petition is untimely, the petitioner must satisfy at least one of the three time-bar exceptions. **See id.** at § 9545(b)(1)(i)-(iii).

Mathias's judgment of sentence became final on May 25, 2009, when the time to appeal to our Supreme Court expired. **See** Pa.R.A.P. 1113(a) ("a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court"); 1 Pa.C.S.A. § 1908 (when computing time if "the last day of any such period shall fall on Saturday or Sunday, or, . . . , such day shall be omitted

from the computation"). Mathias had until May 25, 2010, to file a timely PCRA petition. Hence, the instant petition filed 11 years later was patently untimely and Mathias bore the burden of proving at least one of the time-bar exceptions. He did not address the timeliness of his petition before the PCRA court. The PCRA court therefore committed no error by dismissing his petition as untimely.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/25/2024